# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| TRAVETTE VASSER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | NO. 1:18-cv-00083 |
| v. | ) |  |
|  | ) | JUDGE CAMPBELL |
|  | ) | MAGISTRATE JUDGE FRENSLEY |
| SAARGUMMI TENNESSEE, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 17), recommending the Court grant Defendant's Motion for Summary Judgment (Doc. No. 10), and dismiss this action. Plaintiff has filed Objections (Doc. No. 18) to the Report and Recommendation, and Defendant has filed a Response (Doc. No. 19) to the Objections.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff's Complaint raises claims for race and gender discrimination, as well as retaliation, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000, *et seq.;* disability discrimination and failure to accommodate under the Americans With Disabilities

Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* Plaintiff filed a response to Defendant's summary judgment motion, but did not respond to Defendant's Statement of Undisputed Material Facts. The Magistrate Judge reviewed the parties' filings and concluded that Plaintiff had failed to identify a genuine issue of material fact precluding summary judgment on each of her claims.

Plaintiff's Objections to the Report and Recommendation are lacking in clarity, but the Court has managed to identify the following arguments: (1) the Magistrate Judge should have accorded Plaintiff more leniency during discovery and in responding to the summary judgment motion based on her medical condition; (2) the Magistrate Judge erred in refusing to "sift" through the 700 pages she filed in response to the summary judgment motion; and (3) the Magistrate Judge erred in concluding her claims could not withstand summary judgment.

As for the objection regarding the discovery and summary judgment process in this case, Plaintiff has not shown she was deprived of due process or treated unfairly by the Magistrate Judge. The medical records Plaintiff has filed do not support her claim that medical complications impeded her ability to participate. (Doc. No. 18, at 7-13; 41-42). More importantly, Plaintiff failed to appeal any orders of the Magistrate Judge she now claims were unfair. Fed. R. Civ. P. 72(a).[1]

As for the second objection, Plaintiff has an obligation to identify the parts of the record she believes support her position. The Court is not obliged to "scour the record" to find support for the parties' arguments. *See, e.g., Shorts v. Bartholomew*, 255 Fed. Appx. 46, 50 (6th Cir. 2007) ("[W]e need not scour the record or make a case for a party who has failed to do so on his own behalf . . . ").

---

1  Plaintiff also complains that she has not read and signed the transcript of her deposition. She has not identified any portions of the deposition cited by Defendant, however, that she believes were inaccurately transcribed.

As for the third objection on the merits of her claims, Plaintiff argues Defendant made her a "scapegoat" for its production of defective parts, and assigned an excessive amount of work to her, requiring her to work while in a doctor's waiting room. Plaintiff has not cited to any factual support, beyond her conclusory statements, that this conduct was based on her age, race, gender, disability or in retaliation for engaging in protected activity. To the extent Plaintiff's reference to working while attending a doctor's appointment is intended to support her ADA claim, such a thin factual reference does not create a genuine issue of material fact she was "disabled" for purposes of the ADA. *See* 42 U.S.C. § 12102(1) (Under the ADA, a "disability" is defined in three ways: (A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.)

Plaintiff's other complaints about her treatment by Defendant are stated in conclusory fashion without supporting factual assertions and citations to the record, and/or fail to explain how such treatment was based on her age, race, gender, disability, or in retaliation for engaging in protected activity, in violation of Title VII, the ADA, or the ADEA. For example, Plaintiff does not support her claim that she received excessive assignments with evidence showing other employees outside the protected class received fewer assignments. *See, e.g., Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 303 (6th Cir. 2016). Similarly, Plaintiff does not support her claim a supervisor was abusive to her by showing that such conduct was based on her membership in a protected class. *Id.*

Plaintiff's filings fail to state viable grounds to challenge the conclusions of the Magistrate Judge, or otherwise provide a basis to reject or modify the Report and Recommendation. Having

fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 10) is **GRANTED**, and this action is **DISMISSED.**

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE